UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

LARRY NORRIS, )
)
    Plaintiff, ) Civil Action No. 15-CV-20-HRW
)
v. )
)
LIEUTENANT BAKER, *et al.*, ) **MEMORANDUM OPINION**
) **AND ORDER**
    Defendants. )
)

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Proceeding without counsel, Plaintiff Larry Norris[1] has filed a *pro se* civil rights complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [D. E. No. 1] Norris alleges that in April 2013, while confined by the BOP in the Federal Correctional Institution ("FCI")-Ashland, located in Ashland, Kentucky, the defendants[2] violated his various constitutional rights. Norris has paid the $400.00 filing fee. [D. E. No. 1-8]

---

[1] Norris lists his address as 2200 Garfield Avenue, Apt. 703, Terre Haute, Indiana, 47804. According to the Bureau of Prisons' ("BOP") website, Norris, BOP Register No. 08284-028, was released from federal custody on April 2, 2015. *See* http://www.bop.gov/inmateloc/ (last visited on April 7, 2015).

[2] The six defendants, all of whom Norris identifies as FCI-Ashland officials, are: (1) Lieutenant Baker; (2) Lieutenant Messer; (3) Barry Frazee, Nurse; (4) Correctional Officer Lopez; (5) Correctional Officer Adkins; and (6) Correctional Officer Stevens.

Norris's complaint is dated March 19, 2015, and on that date, Norris was in the BOP's custody. The envelope in which Norris mailed his complaint was post-marked March 30, 2015, *see* D. E. No. 1-1, p. 9, and on that date, Norris was in the BOP's custody. The Clerk of the Court received and filed the complaint on April 2, 2015, which, as noted, was the same date on which Norris was released from the BOP's custody. Because Norris was a prisoner when he signed and placed his complaint in the prison's mailing system, and because Norris asserts claims against government officials, the Court screens Norris's *Bivens* complaint pursuant to 28 U.S.C. § 1915A.[3] That statute requires a district court to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008); *Wingo v. Tenn Dept. of Corrections*, 499 F. App'x 453, 454 (6th Cir. 2012) For the reasons set forth below, the Court will dismiss Norris's complaint because his claims are barred by the applicable statute of limitations and are thus legally frivolous.

## ALLEGATIONS OF THE COMPLAINT

The following is a summary of Norris's factual allegations. On an unspecified date, Norris he notified the Department of Justice ("DOJ") that in

---

[3] Because Norris is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)

2

September 2012, Lieutenant Kenser of FCI-Ashland had physically attacked him, and that on April 27, 2013, Lieutenant Baker of FCI-Ashland physically assaulted him in a "rage of anger" without provocation, in response to the fact that he had reported Kenser's alleged assault on him to the DOJ. [D. E. No. 1, p. 13; pp. 16-17] Norris alleges that Lieutenant Baker assaulted him in his (Lieutenant Baker's) private office, "...well out of both the hearing and sight of anyone else at the institution," *id.*, p. 13, and according to Norris, the alleged assault "...caused great physical and mental harm to an already fragile Plaintiff as evidenced by his well-documented medical history." [*Id.*, p. 14] Norris claims that Lieutenant Baker also prevented him from filing a legitimate grievance and subjected him to mental torture and emotional distress. [*Id.*, p. 15] Norris further alleges that on April 27, 2013, Lieutenant Messer failed to protect him from harm by merely standing by, allowing Lieutenant Baker to physically attack him, failing to call or assistance, and failing to intercede in the attack on his behalf. [*Id.*, p. 13; pp. 16-17]

Norris next asserts that immediately after the attack, he was placed in FCI-Ashland's Special Housing Unit; that he suffered a heart attack as a result of the alleged attack by Lieutenant Baker; and that Nurse Barry Frazee intentionally wrote in his medical records that he (Norris) was not suffering from a heart attack. [*Id.*, pp. 14-15] Norris claims by intentionally entering such incorrect information

into his medical records, Nurse Barry Frazee was modifying and/or falsifying his (Norris's) medical records "in an attempt to cover up or hide the events of the attack and the results of the attack." [*Id.*, p. 15]

While he was confined in the Special Housing Unit, Officers Lopez, Adkins, and Stevens allegedly subjected Norris to "taunts and jeers," regularly searched his cell, and "took" his documentation about the attack. [*Id.*, p. 14] Norris further contends that these three defendants interfered with his efforts to file administrative grievances and/or the delivery of his mail in an effort to conceal the actions of Lieutenant Baker. [*Id.*] Norris alleges that "…any attempts Plaintiff made to grieve the ordeal were never sent by actual U.S. Mail or institutional mail in an attempt to follow the grievance process as they were taken by the three officers." [*Id.*] Norris further asserts that Lopez, Adkins, and Stevens, denied him access to necessary medical care; denied him access to necessary grievance forms; placed him in isolation and caused him to suffer "mental torture," physically and mentally abused him; failed to report the attack on him (by Lieutenant Baker) to their immediate supervisor and/or the Warden of FCI-Ashland; and failed to protect his constitutional and procedural rights. [*Id.*, pp. 17-18]

Finally, Norris claims that between July 30, 2013, and October 4, 2013, he either filed or attempted to file a series of administrative grievances complaining

4

about not only the specific alleged events at FCI-Ashland listed above, but also about other various aspects of his confinement at FCI-Ashland, including but not limited to the alleged confiscation of legal documents; harassment, verbal insults, and intimidation by prison officials; the alleged denial of legal research material; the alleged denial of air conditioning; and the alleged interference with the delivery of his legal mail. [*Id.*, pp. 4-6 (listing grievances)]

Norris asserts that the six FCI-Ashland defendants acted in concert with each other and conspired to subject him to excessive force; that they were "grossly negligent," *id.*, at p. 15, and that their actions violated his rights guaranteed under both the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment and the Fifth Amendment of the U.S. Constitution, which guarantees due process of law. Norris demands in excess of $7 million in compensatory damages from the named defendants. [*Id.*, pp. 19-20]

## DISCUSSION
### 1. *Bivens* Constitutional Claims

Norris's *Bivens* claims against the six FCI-Ashland defendants must be dismissed because they are barred by the applicable one-year statute of limitations. As a prisoner asserting *Bivens* claims against individual defendants for violation of his Fifth and Eighth Amendment rights, Norris must allege that the defendants showed "deliberate indifference" to his "serious medical needs." *Wilson v. Seiter*,

5

501 U.S. 294, 297 (1991) Because neither 42 U.S.C. § 1983 nor the judicially-crafted remedy under *Bivens* include a statute of limitations, federal courts apply the most analogous statute of limitations from the state where the events giving rise to the cause of action occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985) The events at issue occurred in Kentucky, which means that Kentucky's one-year statute of limitations for asserting personal injuries applies. KRS § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

In *Bivens* actions, federal law supplies its own rule of claim accrual. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). A claim accrues and the statute of limitations begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury providing the basis for the claim. *Kelly v Burks*, 415 F.3d 558, 561 (6th Cir. 2005) A plaintiff need not know the full extent of his injuries before his claim accrues. Instead, he need only be sufficiently aware of the injury to put him on inquiry notice. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)

Federal law also requires prisoners to exhaust their administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a) The BOP's administrative remedy process is set forth in 28 C.F.R. §§ 524.10-19, and absent an unreasonable delay or

extension, the BOP grievance process should ordinarily take no more than 140 days to complete after the prisoner commences the formal grievance process. *Cuco v. Federal Medical Center-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *26 (E. D. Ky. June 9, 2006). During that time, the statute of limitations is tolled, provided the prisoner acts in a timely and diligent manner. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000)

In this case, Norris alleges that FCI-Ashland defendants violated his Eighth Amendment rights on April 27, 2013. He further alleges that between July 30, 2013, and October 4, 2013, he filed numerous grievances concerning the alleged events of April 27, 2013.[4] He further claims that in violation of his Fifth Amendment right to due process of law, the defendants impeded his ability to administratively exhaust his claims, alleging that his grievances were either denied or "lost." [D. E. No. 1, p. 4] Accepting as true Norris' allegation that the defendants delayed or even completely prevented him from complying with the BOP's administrative remedy process, and liberally allowing one hundred forty (140) more days for the BOP's administrative remedy process to run its course as to the very last grievance which Norris filed on October 4, 2013 [No. 752426],

---

[4] Norris alleges that on October 4, 2013, he filed Administrative Remedy Number 752426, concerning the alleged "loss" of 152 legal documents on June 3, 2013. [Id.] It is unclear whether this alleged event was related to the alleged assault of April 27, 2013. Between the dates of July 31, 2013, and August 2, 2013, Norris appears to have filed administrative remedies which specifically relate to the alleged events of April 27, 2013. *Id.*

7

Norris either knew or should have known by no later than **January 24, 2014**, that the administrative remedy process was not working as he claims it should have been. Norris therefore should have filed suit on his constitutional claims within one year of that time, on or before **January 24, 2015**. Norris did not, however, initiate this action until March 26, 2015 (the date on which he signed his *Bivens* complaint), and his complaint was not actually filed until April 2, 2015. Both of these dates were well past the expiration of the one-year statute of limitations period on January 4, 2015.

If it is clear from the face of a plaintiff's complaint that the claim is time-barred, a complaint may be dismissed *sua sponte* at the screening stage. *Jones v. Bock*, 549 U.S. 199, 216, (2007) (stating that if the allegations in the Complaint "show that relief is barred by the applicable statute of limitations, the Complaint is subject to dismissal for failure to state a claim" (citing F. R. Civ. P. 8(c)). Even pre-*Jones v. Bock* case law supports the proposition that a district court may raise a limitations bar *sua sponte* when the "defect was obvious from the face of the complaint." *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)); *see also, Paige v. Pandya*, 238 F.3d 423, 2000 WL 1828653, at *2 (6th Cir. Dec. 5, 2000) (affirming dismissal of a § 1983 complaint where "the face of the complaint" plainly

8

indicated that the alleged events transpired long before the complaint was filed)

Here, it is clear from the face of Norris's complaint that both his Fifth and Eighth Amendment claims are barred by Kentucky's one-year statute of limitations.[5]

The Court will therefore dismiss Norris's *Bivens* complaint with prejudice because his claims are barred by the applicable one-year statute of limitations. Because the Court will dismiss this action, it will also deny as moot Norris' motion seeking the appointment of counsel [D. E. No. 2].

## 2. Construed Negligence Claims

To the extent that Norris alleges that the defendants were "grossly negligent," *id.*, p. 15, he may be attempting to assert a negligence claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. A district court must afford a *pro se* litigant leniency and broadly interpret his claims, but even so, this Court is unable to construe an FTCA claim in this proceeding, as Norris neither refers to the FTCA nor indicates in any other respect that he intended to assert an FTCA claim. A federal court is not required to conjure up allegations not pleaded or guess at the nature of an argument. *Brown v. Wal-Mart Stores, Inc.*, 507 F.

---

[5] To the extent that Norris alleges that he was denied the proper forms for filing administrative grievances, and that he was thus was denied due process of law in that respect, the Court parenthetically notes that prisoners have no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, 2000 WL 799760, at *3 (6th Cir. June 14, 2000) (Unpublished Table decision); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

App'x 543, 547 (6th Cir. 2012); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Even if Norris had expressly asserted a claim under the FTCA, this Court would lack subject-matter jurisdiction over it. The FTCA is a limited waiver of sovereign immunity which permits an action against the United States for wrongful acts committed by its employees during the course of their employment. *See Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir. 1975); *United States v. Orleans*, 425 U.S. 807, 813 (1975). The FTCA is the exclusive remedy for such acts or omissions. 28 U.S.C. § 2679

A claim under the FTCA may only be asserted against the United States of America. 28 U.S.C. § 2674; *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990); *Atorie Air, Inc. v. Fed.Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991) Norris did not name the United States as a party to this action, and he cannot recover damages under the FTCA from any individually-named prison officials. *See Smith v. United States*, No. 4:10-CV-P47, 2010 WL 3927506, at *3 (W. D. Ky. October 4, 2010); *Leach v. Department of Veterans Affairs*, No. 3:08-CV-469-C, 2009 WL 1852543, at *2 (W.D. Ky. June 29, 2009).

Further, even if Norris had asserted a claim under the FTCA and named the United States as a defendant, the Court would still lack subject matter jurisdiction

over the claim because an FTCA claimant must complete two preliminary administrative steps before he or she can proceed in district court. An FTCA claimant must first present an administrative claim to the appropriate federal agency for administrative settlement within two years of its accrual, 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111 (1993); *Garrett v. United States*, 640 F.2d 24, 25 (6th Cir. 1981). Then, if the agency denies the claim, the claimant must then commence an action in federal court within six months of the agency's denial of the claim. *See* 28 U.S.C. § 2401(b); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002).

Compliance with both statutory conditions is required before an FTCA claimant can file in federal court; the claim is barred absent compliance with both requirements. *See* 28 U.S.C. § 2401(b); *Blakely*, 276 F.3d at 865; *Rogers v. United States*, 675 F.2d 123 (6th Cir.1982); *Garrett*, 640 F.2d at 25. In other words, timely and complete administrative exhaustion and compliance with both statutes of limitations are conditions of the FTCA's waiver of sovereign immunity. *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)

Norris provides no documentation showing that he complied with the required exhaustion procedures under the FTCA. If Norris wishes to pursue an FTCA claim relative to the events of April 27, 2013, he may do so, but he has only

until **April 27, 2015**, in which to submit a timely FTCA administrative claim.[6] If the BOP denies his FTCA claim, Norris must file suit on his claim within six months of the date on which the BOP denies his claim. Currently, however, this Court lacks subject matter jurisdiction over any construed FTCA claim. *See Glarner v. U.S. Dep't of Veterans Admin.*, 30 F. 3d 697, 700 (6th Cir. 1994).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Plaintiff Larry Norris's Fifth and Eighth Amendment constitutional claims asserted against the defendants under 28 U.S.C. § 1331 are **DISMISSED WITH PREJUDICE**.

(2) Norris's construed FTCA claims are **DISMISSED WITHOUT PREJUDICE** to his right to file an FTCA administrative claim (as to the alleged events of April 27, 2013) with the Bureau of Prisons on or before **April 27, 2015**.

(3) Norris's motion requesting the appointment of counsel [D. E. No. 2] is **DENIED** as **MOOT**.

(4) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This April 17, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

---

[6] The Court notes that this *Bivens* action was not filed until **April 2, 2015**.